Joseph P. Kennedy *against* Russell and Patton.

JUDGE *Saffold* delivered the opinion of the Court.
In this Case, the defendants in Error sued out a writ in assumpsit against *J. H. Morris*, and *J. P. Kennedy*, for goods, wares, &c. sold.   The writ was executed on *Kennedy* only. The declaration is against both. It shews, it is true, that *Morris* was " not in custody." But this, in our opinion, cannot have the effect of a discontinuance as to him. It may

Assumpsit on open account against two. Writ executed on one only. Judgment cannot be taken against him alone until after alias and pluries against the other.

also be questioned whether this action is of the description embraced by the act of 1818, "for the better regulation of "Judicial proceedings." (Laws of Ala. 449.) That Act extends only to joint or joint and several obligors, covenanters, or drawers of a bond, covenant or promissory note, and to defendants to a joint judgment. The eighth section of the same Act concerning partners cannot extend to this case. These defendants were not charged as partners, but as jointly liable on an unliquidated demand. We conceive that there is no authority, on a cause of action such as this, either to institute suit in the first instance against one of several debtors, or after suit commenced against all the parties chargeable, to discontinue as to those who are not served with process, (until after an alias and pluries writ against them returned not found,) and proceed to judgment against the party taken. Here the writ and declaration are against both the persons charged with the assumpsit. As to the one on whom no process was served, no discontinuance was entered. The other, in his several plea of non-assumpsit, styles himself "one of the defendants," and does not admit a discontinuance as to his co-defendant. The plaintiffs proceed to verdict and judgment against him. In no view which we have been able to take of the case does the judgment appear sustainable. It would have been irregular against both, as the preceding part of the Record stands. Being against *Kennedy* only, he alone could sustain the writ of Error.

Let the judgment be reversed.